## HOLMES et al. v. GRABEEL.

(Circuit Court, W. D. Virginia. May 21, 1896.)

EJECTMENT—PURCHASE PENDENTE LITE—AMENDMENT OF DECLARATION.

The filing of an amended declaration in ejectment, wherein the amendment consists in separating plaintiffs, who were before joint plaintiffs, and making some of them joint plaintiffs and some of them separate plaintiffs in the several counts of the amended declaration, as permitted by the Virginia Code (section 2731), is not the commencement of a new cause of action, so as to require service of new process on the defendants. And hence a purchaser of the lands from a defendant originally served pending the suit, and prior to the amendment, is bound by the judgment subsequently rendered.

This was an action of ejectment by Seth C. Holmes and others against Josephus Grabeel. The case was heard upon defendant's objection to the admission in evidence of the record in a previous action entitled Holmes v. Fulkerson and others.

C. F. Trigg, B. H. Sewell, White & Penn, and Bullitt & Kelly, for plaintiffs.

A. L. Pridemore, for defendant.

PAUL, District Judge. In this case, the plaintiffs having introduced evidence to trace their title to the land in controversy, beginning with a patent issued to Samuel Young by the commonwealth of Virginia, dated on the 7th day of May, 1787, through succeeding conveyances, devises, and inheritances, to the plaintiffs, the defendant introduced evidence to show title to the said lands by adversary possession. Of the lands in controversy, the defendant claims to have purchased a tract of —— acres from one Christly Brunk in the year 1873. In rebuttal, the plaintiffs offer in evidence a transcript of the record in an action of ejectment in which Seth C. Holmes and others were plaintiffs and W. W. Fulkerson, the said Christly Brunk, and others were defendants. The said action was tried and determined in the United States circuit court for this district at Abingdon on the 30th day of October, 1889, and a verdict and judgment

rendered for the plaintiffs. Counsel for the plaintiffs state that they offer this record for the purpose of proving that title to that parcel of the lands in controversy in this action which the defendant claims to have derived by purchase from Christly Brunk was recovered by the plaintiffs and their predecessors in said action of Holmes against Fulkerson and others. The defendant objects to the introduction of this record on the ground that the defendant in this action, Josephus Grabeel, was not a party to that action and cannot be bound by the record; but the plaintiffs claim that his vendor, Christly Brunk, was a party to the said action, and that if the defendant, Josephus Grabeel, bought the land of Christly Brunk in 1873, he was a pendente lite purchaser, and took no title to the land which he claims to have bought of Christly Brunk, as the said action of ejectment of Holmes et al. against Fulkerson, Brunk et al. was commenced in the year 1871. The defendant claims that the record shows that the judgment of the court in the action of ejectment of Holmes against Fulkerson, Brunk et al. was entered on an amended declaration filed on the 28th day of October, 1876, and that the defendant Grabeel is not bound by that record, inasmuch as the original declaration was filed in 1871, and he purchased part of the land in controversy from Brunk in 1873. This contention is based by counsel for the defendant upon the ground that the amended declaration of October 28, 1876, was the commencement of a new action, and that as the defendant became the purchaser after the commencement of the action in 1871, he, in order to be bound by the verdict of the jury and the judgment of the court of the 30th day of October, 1876, should have been made a party defendant to that action, and served with a notice of the filing of the amended declaration. The court thinks an examination of the provisions of the Code of Virginia regulating actions of ejectment, and of the steps taken, as shown by the record, in the action of Holmes et al. against Fulkerson, Brunk et al., will place the question under discussion in a satisfactory light. Section 2727 of the Code of Virginia of 1887, under the caption of "How Action Commenced," provides that "the action shall be commenced by the service of a declaration, in which the name of the real claimant shall be inserted as plaintiff, and all the provisions of law concerning a lessor shall apply to such plaintiff." Section 2728 provides, "What shall be Stated in the Declaration." Section 2729 provides, "How Premises Described." Section 2730 provides, "Plaintiff to State How he Claims." Section 2731 provides that "the declaration may contain several counts, and several parties may be named as plaintiffs jointly in one count and separately in others." Section 2732, under the caption of "Notice to Defendant; Service Thereof," provides as follows:

"To such declaration there shall be subjoined a notice, in writing, by the plaintiff or his attorney, addressed to the defendant, and notifying him that the said declaration will be filed on some specified rule day in the clerk's office of the court in which the suit is to be prosecuted, or in court on some day named in the then next term of said court. Such declaration and notice shall be served in the same manner as other notices."

Section 2733 provides as follows:

"When the declaration is filed with the proof of the service of notice thereof as aforesaid, the proceedings thereon shall conform to the provisions of sec-

tion thirty-two hundred and eighty-four, so far as they relate to actions at law."

The section (3284) referred to in the last-named section is as follows:

"Sec. 3284. * * * If a defendant, who appears, fail to plead, answer, or demur to the declaration or bill, a rule may be given him to plead. If he fail to appear at the rule day at which the process against him is returned executed, or, when it is returnable to a term, at the first rule day after it is so returned, the plaintiff, if he has filed his declaration or bill, may have a conditional judgment or decree nisi as to such defendant.· No service of such decree nisi or conditional judgment shall be necessary. But at the next rule day after the same is entered, if the defendant continue in default, or at the expiration of any rule upon him with which he fails to comply, if the case be in equity, the bill shall be entered as taken for confessed as to him, if it be at law, judgment shall be entered against him, with an order for the damages to be inquired into, when such inquiry is proper."

According to these provisions of the Code, we see that in an action of ejectment, after the declaration has been properly served and returned to the clerk's office, the case is, as to all subsequent proceedings in the action, treated as any other action at law. There is no more familiar rule of practice known in the courts of Virginia than that by leave of the court a declaration may be amended at any time prior to the trial, provided the amendment is not such as to state a new cause of action, or make new parties defendants. An examination of the record offered in evidence shows that the amendments made to the declaration of October 28, 1876, were made under section 2731 of the Code, which provides that the declaration may contain several counts, and several parties may be joined as plaintiffs jointly in one count, and separately in others. The amendment consisted in separating the plaintiffs who were joint plaintiffs in the original declaration, and making some of them joint plaintiffs and some of them separate plaintiffs in the several counts of the amended declaration. The record shows that the plaintiffs were given leave at various times during the pendency of the action for several years to amend the declaration, such as making new parties plaintiffs by reason of the death of some of the original plaintiffs, and that no new process was required on account of such amendments. The record further shows that the amended declaration was filed by consent of the defendants, and that they pleaded to the same. The record, under date of October 28, 1876, has this entry:

"This day came the parties, by their attorneys, and by consent the continuances entered in this cause on Tuesday last are set aside, and by like consent leave is given the plaintiffs to file an amended declaration in this cause, and, the said amended declaration being filed, the defendants pleaded not guilty, to which the plaintiffs replied generally; and, issue being joined thereon, this cause was continued."

It is the opinion of the court that as an action of ejectment, after the declaration is duly filed and returned to the clerk's office, takes the same course as any other action at law, and that, as a rule of practice in the courts of Virginia, no new process is necessary when leave is given to amend the declaration, unless new parties be made defendants, or the declaration is so amended as to make a new cause of action, that none was necessary when the declaration was amended in the case of which the record is offered in evidence; that Christly

Brunk was a defendant named in the original declaration, and that he continued a defendant through all the proceedings in that action, and was bound by the verdict of the jury and the judgment of the court in its final determination, and that the record offered by the plaintiffs is admissible in evidence to prove that the land claimed by the defendant, Grabeel, was recovered of Christly Brunk in the action of Holmes et al. against Fulkerson, Brunk et al.; and that the present plaintiffs are the owners of that title.